

U.S. Department of Justice

*United States Attorney*
*District of Maryland*

*Robert I. Goldaris*  
*Assistant United States Attorney*  
*Robert.Goldaris@usdoj.gov*

*Suite 400*  
*36 S. Charles Street*  
*Baltimore, MD 21201-3119*

*DIRECT: 410-209-4831*  
*MAIN: 410-209-4800*  
*FAX: 410-962-3091*

December 1, 2025

The Honorable Ellen H. Hollander  
United States District Court  
101 W. Lombard Street  
Baltimore, MD  21201

      RE:    Sentencing in *United States v. Franklin Barney*, Criminal No. ELH-23-088

Dear Judge Hollander:

      Franklin Barney is scheduled for sentencing on December 11, 2025 at 10:00 a.m. The defendant pleaded guilty to Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances in contravention of 21 U.S.C. § 846, 21 U.S.C. § 841(b)(1)(A). (ECF 34). As detailed below, the Government believes that a sentence at the low end of the applicable guidelines is the appropriate sentence in this case.

## I.    Factual Background

      During the period charged in the information, the defendant was a member of a drug trafficking organization responsible for transporting dozens of kilograms of deadly drugs across the United States, from California to Baltimore, Maryland. The defendant admits that in February 2022 he and a conspirator traveled to California to obtain drugs from a supplier. (ECF 34 ¶ 9). On the evening of February 25, 2022, defendant Barney and two conspirators met in a Baltimore parking garage to unload their ill-gotten haul. (ECF 34 ¶ 10). Unbeknownst to Barney and the others, law enforcement was observing them with search warrants ready. (ECF 34 ¶ 10-14). When Barney and his conspirators were arrested, federal agents searched his and a conspirator's truck, a stash apartment off the garage meet-location, and an additional apartment Barney used.

      In all, agents seized nearly 2 kilograms of heroin; over 81 kilograms of cocaine; over 2.8 kilograms of fentanyl; and over 8 kilograms of a fentanyl analogue - a total converted drug weight of 110,468.95 kilograms. Additionally, agents recovered several firearms, dozens of rounds of ammunition, tens of thousands of dollars of U.S. currency, and hundreds of thousands of dollars' worth of jewelry. (ECF 34 ¶ 7, 10-14).

II.     **Analysis of the Relevant Sentencing Factors Under 18 U.S.C. § 3553(a)**

1. <u>The Nature and Circumstances of the Offense/History Characteristics of the Defendant:</u>

The Defendant has a checkered adult criminal history, beginning with his 1999 involuntary manslaughter conviction, for which he served a scant 18 months before release, after which he violated probation and had his case "unsatisfactorily" closed. (ECF 34 ¶ 36). A few months after that violation, he picked up a federal case for fleeing Park Police on the Baltimore Washington Parkway. (Id. ¶ 37).

In 2011, Barney was arrested on federal drug trafficking charges here in the District of Maryland. At his plea, the Court found Barney was a large-scale crack-cocaine, cocaine, heroin, and PCP distributor. During the conspiracy, members, including Barney, were responsible for distributing at least 280 grams or more of cocaine base, 5 kilograms or more of cocaine, 1 kilogram or more of heroin and 1 kilogram or more of a mixture containing a detectable amount of PCP. (ECF 34 ¶ 39). When Barney was arrested for this case, he was still on supervised release from The Honorable Judge Richard Bennett's court in that matter.

2. <u>The Need for the Sentence Imposed:</u>

The sentence imposed in this case should reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense. 18 U.S.C. § 3553(a)(2)(A).

The instant case does not involve the use of violence or firearms, but Barney had firearms and ammunition in his stash apartment and the apartment where he stayed. There are no overdose allegations in this case, but Barney and his confederates conspired to traffic thousands of doses of deadly drugs into this city already harmed by a drug pandemic. Barney trafficked these drugs *after* having already been convicted of drug trafficking in this very federal court. The Government is not seeking a sentence higher than the applicable guidelines but asks that the Court consider Barney's history and not vary drastically downward.

4. <u>The Need to Avoid Unwarranted Sentence Disparities:</u>

The sentence the Court imposes in this case should be consistent with like cases among similarly situated defendants. Here, Barney's two coconspirators received sentences in accordance with their role in the overall conspiracy.

Dewayne Haywood operated the stash apartment in Baltimore where Barney and his other conspirator traveled to drop off the many kilograms of drugs in February 2022. As the Government told Judge Gallagher, Mr. Haywood he knew the character of what went in and out of the

apartment, and he was the one watching the product when no one else was about. But he did not acquire the drugs, distribute large quantities, or share in the handsome profits. (*See* Criminal No. SAG-23-218, ECF 75). Haywood pleaded to a C-level information and received a mitigating role adjustment. Judge Gallagher sentenced him to 60-months' imprisonment. (*Id*. at ECF 80).

Kai Evans was the conspirator who obtained the drugs with Barney in California and then transported the drugs to Maryland. Mr. Evans was personally entrusted to transport these drugs—and the tens of thousands of dollars required to purchase them—alone and across the entire country. Unlike, Mr. Haywood, but like Mr. Barney, albeit to a lesser extent, Mr. Evans profited a great deal from the conspiracy. Judge Gallagher sentenced him to 120-months' imprisonment. (SAG-23-218 at ECF 89).

### III.     Conclusion

For these reasons, the Government respectfully submits that a Guidelines sentence at the low end of the applicable guidelines would be sufficient, but not greater than necessary, to achieve the purposes of sentencing under Section 3553(a).
.

Very Respectfully,

Kelly O. Hayes
United States Attorney

_____
Robert I. Goldaris
Assistant United States Attorney
United States Attorney's Office
Robert.Goldaris@usdoj.gov